No. 22,270.

THE GATE CITY NATIONAL BANK, *Appellant*, v. M. L. GREENE et al. (H. P. VORIES et al., *Appellees*).

### SYLLABUS BY THE COURT.

MORTGAGE—*Securing Attorney's Fee—Transaction Not Fraudulent*. The proceedings examined, and held to be free from prejudicial error.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed July 5, 1919. Affirmed.

*J. L. Sheldon*, of Ottawa, *M. L. Friedman*, and *I. J. Ringolsky*, both of Kansas City, Mo., for the appellant.

*Wilbur S. Jenks*, of Ottawa, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The material question in this case is whether or not the $8,000 mortgage given to secure attorney fees and expenses, described in the opinion in the case of *Bank v. Greene*, 102 Kan. 202, 170 Pac. 391, was valid against the mortgagor's creditor, the Gate City National Bank. The district court sustained the mortgage, and the bank appeals.

The origin of the mortgage is sufficiently outlined in the former opinion. When that opinion was prepared, the court was conscious of the fact that this litigation was likely to occur, and, without prejudging anything, it discussed and applied legal principles with some care, because of what it believed it could foresee. The bank claims that the questions of fact and of law arising upon the present record are so different that an entirely new case is presented. This claim the court is unable to allow. The transactions giving rise to the mortgage, and the related circumstances, were thoroughly developed at the former trial, and the controlling features of the case remain unchanged. The evidence respecting them is not precisely the same in form or content, but the determining facts were again established, and the rules of law which guided the court in finding the facts were those discussed in the former opinion. There is, therefore, but little that is new in the case.

The bank splits the transaction, whereby the attorneys were

employed and their fees and expenses secured, into its successive acts, and argues that Mrs. Greene was insolvent on February 1 because of what she did on January 27. This subject was disposed of in the former opinion, as follows:

"The transaction which included the mortgage to the attorneys, the bill of sale, and the assignment of the estate in Illinois, covered the time from January 27 to February 1, 1914." (p. 204.)

The attorneys required $1,000 to take care of the expenses incident to defense of the actions in which they were employed, in addition to their fees, amounting to $7,000. Considering the $1,000 as covering future advances, the mortgage was not invalid, for reasons stated in discussing the Hepler advancements in the former opinion. The subject of attorney fees for services to be performed was fully considered in the former appeal. Some additional light on the rights of the attorneys may be afforded by the decision in the case of *Carter v. McPherson*, 104 Kan. 59, 64, 177 Pac. 533.

The bank sought to cut off the lien of the mortgage, so far as it covered further services of the attorneys and outlays for expenses, by notice to the attorneys of attachment of the land, intention to file a creditor's bill, and other matters. The reason the notice was of no avail was that the facts prompting it were not of the character the bank assumed them to be.

The difficulty with the bank's case is that Mrs. Greene was solvent, and the contracting parties acted without fraud, actual or legal, upon unimpeachable consideration. Every argument advanced by the bank either ignores, or assumes to be untrue, one or more of these facts, and it is not necessary to extend this opinion further, except to say that the findings of fact were sustained by sufficient evidence, and the conclusion of law followed as a matter of course.

The judgment of the district court is affirmed.